# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
## Southern Division – Detroit

| | |
|---|---|
| LITTLE CAESAR ENTERPRISES, INC., a Michigan corporation, and<br>BLUE LINE FOODSERVICE DISTRIBUTION, INC., a Michigan corporation,<br>　　Plaintiffs,<br>　　　v.<br>DSCR MANAGEMENT GROUP, LLC, a Minnesota limited liability company,<br>RUSSELL KIKER, a Minnesota citizen,<br>SAMANTHA KIKER, a Minnesota citizen, and<br>DANIEL STUTTGEN a Minnesota citizen,<br>　　Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiffs Little Caesar Enterprises, Inc. and Blue Line Foodservice Distribution, Inc. (together "Little Caesar") bring this action for breach of contract and monetary damages. Little Caesar has terminated its Franchise Agreement with Defendants based on their breach of the agreement by abandoning their franchised restaurant. Little Caesar has demanded, but Defendants have refused to pay the damages that Defendants agreed by contract would be owed to Little Caesar as a

result of the early termination of Defendants' Franchise Agreement based on their default.

## THE PARTIES

1. Plaintiff Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business at 2211 Woodward Avenue in Detroit, Michigan. It is engaged in the business of franchising independent businesspersons to operate LITTLE CAESARS restaurants throughout the United States. Little Caesar's franchisees are licensed to use the LITTLE CAESARS trade name, trademarks, and service marks and to operate under the LITTLE CAESARS System, which involves the production, merchandising, and sale of pizza, chicken wings, and related products utilizing special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks, and information.

2. Plaintiff Blue Line Foodservice Distribution Inc. ("Blue Line") is a Michigan corporation with its principal place of business at 2211 Woodward Avenue in Detroit, Michigan. Blue Line is a wholly-owned subsidiary and an affiliate of Little Caesar Enterprises, Inc. and is a supplier of Little Caesar products, ingredients, equipment, supplies, and materials used and sold by Defendants' franchised Little Caesars restaurants.

3. Defendant DSCR Management Group, LLC is a Minnesota limited liability company. DSCR Management Group, LLC owned and operated a LITTLE CAESARS franchise located at 812 First Street South, Willmar, MN 56201 (Franchise #3710-0001), pursuant to a Franchise Agreement with Little Caesar Enterprises, Inc.

4. Defendant Russell Kiker is a natural person and a citizen of the state of Minnesota. He personally guaranteed the obligations of DSCR Management Group, LLC under its Franchise Agreement with Little Caesar pursuant to an executed personal guarantee.

5. Defendant Samantha Kiker is a natural person and a citizen of the state of Minnesota. She personally guaranteed the obligations of DSCR Management Group, LLC under its Franchise Agreement with Little Caesar pursuant to an executed personal guarantee.

6. Defendant Daniel Stuttgen is a natural person and a citizen of the state of Minnesota. He personally guaranteed the obligations of DSCR Management Group, LLC under its Franchise Agreement with Little Caesar pursuant to an executed personal guarantee.

7. Defendants Russell Kiker, Samantha Kiker, and Daniel Stuttgen are the sole members of DSCR Management Group, LLC.

8. Defendants are collectively referred to hereinafter as "Defendants" or "DSCR."

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

10. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

11. This Court has *in personam* jurisdiction over Defendants because they conduct business in this district, the events giving rise to Little Caesar's claims occurred in this district, and Defendants agreed not to contest personal jurisdiction in this Court in the parties' Franchise Agreement.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and the venue provision contained in the parties' Franchise Agreement.

## BACKGROUND FACTS

### The Parties' Rights And Obligations Under The Franchise Agreement

13. Plaintiff Little Caesar Enterprises, Inc. is the franchisor of the LITTLE CAESARS System.

14. DSCR was formerly licensed to operate a Little Caesars franchises in accordance with the terms of the Franchise Agreement.

15. Among the terms of the Franchise Agreement was the obligation to pay Little Caesar certain fees, including royalties, advertising fees, technology fees, and delivery-related fees. (Franchise Agreement §§ 3, 5.2, 9.)

16. Furthermore, DSCR agreed that it was obligated to purchase all products, ingredients, equipment, supplies, and materials used or sold by its restaurant solely from Little Caesar's affiliate, Blue Line, or from such other entity as Little Caesar may designate in writing. (*Id.* § 5.4.)

17. And DSCR agreed to pay Blue Line directly for all purchases from Blue Line. (*Id.* § 5.4.1.)

18. DSCR agreed that the failure to comply with the terms of the Franchise Agreement would constitute a default under the Agreement and that Little Caesar had the right to terminate the Agreement, with or without providing DSCR an opportunity to cure, depending on the nature of the default. (*Id.* § 13.)

19. The Franchise Agreement provided that Little Caesar had the right to terminate the Agreement with notice and without a right to cure if DSCR ceased operating or abandoned its restaurant. (*Id.* § 13.2.2.)

**Defendants' Post-Termination Obligations**

20. DSCR agreed that, in the event that its Franchise Agreement was terminated, it would pay to Little Caesar and Little Caesar's affiliates all sums owed, and Little Caesar's costs, expenses, and reasonable attorneys' fees incurred by

5

reason of any default or termination of the Franchise Agreement, or the enforcement of DSCR's post-termination obligations. (Franchise Agreement §§ 14.6, 23.9.)

21. DSCR also agreed to pay Little Caesar liquidated damages in the event that DSCR's Franchise Agreement was terminated prior to the end of its term due to DSCR's default under the Agreement. (*Id.* § 14.8.)

22. Pursuant to the personal guarantee attached to the Franchise Agreement, Defendants Russell Kiker, Samantha Kiker, and Daniel Stuttgen agreed to be personally bound by the covenants and obligations of the Franchise Agreement, including the obligation to pay Little Caesar and its affiliates.

### Defendants' Defaults Under Their Franchise Agreements And The Termination Of The Franchise Agreements

23. DSCR abandoned its Franchise in August 2023, last reporting sales on or around August 12, 2023. Accordingly, on September 18, 2023, Little Caesar sent DSCR a Notice of Default and Notice of Franchise Agreement Termination terminating DSCR's Franchise Agreement.

24. The Termination Notice informed DSCR that it was obligated to immediately comply with the Franchise Agreement's post-termination obligations, including paying all past due sums owed to Little Caesar and its affiliates and the liquidated damages due pursuant to Section 14.8 of the agreement.

25. To date, DSCR owes Blue Line $6,580.90, and Little Caesar $5,687.11 in connection with unpaid advertising, technology, and delivery-related fees.

26. The liquidated damages total $324,958.92. To date, DSCR has not paid Little Caesar the damages.

27. The Termination Notice informed DSCR that Little Caesar would not enforce the termination by itself, but instead would submit the matter to a court for judicial enforcement.

## COUNT I
## Breach of Contract

28. The allegations of paragraphs 1 through 27 are hereby incorporated by reference.

29. The conduct described in this Complaint constitutes material breaches of the contractual provisions of the Franchise Agreement cited herein.

30. These breaches constitute good cause for the termination of the Franchise Agreement.

31. As a direct and proximate result of these actions, Little Caesar has suffered and is continuing to suffer monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Enter a declaratory judgment holding that DSCR's conduct violated the terms of the Franchise Agreement and constitutes good cause for the termination of the Franchise Agreement;

7

B.Enter an injunctive order ratifying and enforcing the termination of the Franchise Agreement as well as the Agreement's post-termination provisions;

C.Enter judgment in favor of Little Caesar for the damages it has suffered, including liquidated damages as provided for by the Franchise Agreement, as a result of DSCR's conduct, plus prejudgment interest allowed by law; and

D.Award Little Caesar such other relief in its favor as this Court may deem just and proper.

Respectfully submitted,

/s/Larry J. Saylor
Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
 & STONE P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7986
Facsimile: (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Robert L. Zisk (admitted in E.D. Mich.)
Justin L. Sallis (admitted in E.D. Mich.)
LATHROP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W. – Suite 700
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250
Robert.Zisk@Lathropgpm.com
Justin.Sallis@Lathropgpm.com

*Attorneys for Plaintiffs*